107 N.J. Super. 107 (1969)
257 A.2d 127
STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT,
v.
MICHAEL FIELD, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued September 15, 1969.
Decided October 3, 1969.
*109 Before Judges CONFORD, COLLESTER and KOLOVSKY.
Mr. Walter R. Cohn argued the cause for appellant (Messrs. Cohn & Turk, attorneys).
Mr. David S. Baime, Assistant Prosecutor, argued the cause for respondent (Mr. Joseph P. Lordi, Essex County Prosecutor, attorney).
Mr. Fred Kieser, Jr., Deputy Attorney General, argued the cause for Mr. Arthur J. Sills, Attorney General of New Jersey (Mr. Arthur Abba Goldberg, Deputy Attorney General, of counsel and on the brief).
The opinion of the court was delivered by KOLOVSKY, J.A.D.
After a trial de novo in the County Court on his appeal from a conviction in the municipal court, defendant was adjudged a disorderly person and fined $50 for having violated N.J.S. 2A:170-92.1 (L. 1967, c. 215), which reads as follows:
*110 "Any person, firm or corporation or any agent, officer or employee thereof who threatens to or takes reprisals against any tenant for reporting or complaining of the existence or belief of the existence of any health or building code violation, or a violation of any other municipal ordinance or State law or regulation which has as its objective the regulation of rental premises, to a public agency, is a disorderly person and shall be punished by a fine of not more than $250.00, or by imprisonment for not more than 6 months or both.
In any action brought under this section the receipt of a notice to quit the rented premises or any substantial alteration of the terms of tenancy without cause within 90 days after making a report or complaint or within 90 days after any proceeding resulting from such report or complaint shall create a rebuttable presumption that such notice or alteration is a reprisal against the tenant for making such report or complaint."
The record fully supports the factual findings of the County Court judge. Defendant is the owner of a seven-family house. The tenant involved had filed several complaints  most if not all of which were found to be justified  with the board of health relating to the condition of the premises.
Defendant admitted at the trial that he had increased his tenant's rent from $117.50 to $175 per month in order to force her to move, but said that this was done, not in retaliation for her having made the complaints to the board of health but because she was otherwise an undesirable tenant.
The tenant testified, however, and the trial court had the right to credit her testimony, that defendant had told her that "since I called the Board of Health and I put the inspectors on him that he was going to raise my rent so high until Essex County wasn't going to be able to pay and I was going to have to move."
On his appeal to this court defendant's argument is limited to an attack on the constitutionality of N.J.S. 2A:170-92.1. He urges that the statute deprives a landlord of property and the right of freedom of contract without due process of law, and that it is void for "overbreadth" and for vagueness.
The "due process" and "overbreadth" arguments are bottomed on the claim that the statute constitutes an unreasonable *111 exercise of the police power. We are satisfied that there is no substance in the claim, and this even without invoking the presumption in favor of the statute's constitutionality. Jamouneau v. Harner, 16 N.J. 500, 515 (1954). The statute is on its face addressed to a lawful end.
It is settled that the State may in the exercise of the police power, either by itself or through its empowered instrumentalities, adopt reasonable health and building regulations, even though the effect of such regulations is necessarily to restrict property rights and the freedom of contract. David v. Vesta Co., 45 N.J. 301, 311 (1965); Jones v. Haridor Realty Corp., 37 N.J. 384, 391 (1962); Jamouneau v. Harner, supra, 16 N.J., at 514; Earruso v. Board of Health, East Hanover Twp., 120 N.J.L. 463, 468 (Sup. Ct. 1938).
The governmental agencies charged with the enforcement of those regulations cannot effectively enforce them and take steps to eliminate violations thereof unless they learn of them, either through their own inspections or through information furnished by others. Complaints made by tenants of buildings which fail to conform to the regulations obviously are and should be the prime source of the agencies' information.
That that source not be depleted by fear of retaliatory action  as it would be particularly in the case of low-income tenants  is legitimately a matter of legislative concern. The Legislature was justified in concluding that the effectiveness of the remedial legislation embodied in health and building regulations will be substantially impaired if tenants reporting violations thereof can legally be intimidated. Cf. Edwards v. Habib, 130 U.S. App. D.C. 126, 397 F.2d 687, 701 (D.C. Cir. 1968), cert. den. 393 U.S. 1016, 89 S.Ct. 618, 21 L.Ed.2d 560 (1969). It was therefore reasonable to make such reprisals or retaliatory action illegal and to subject offenders to a penalty.
There is no merit in defendant's additional argument that the statute's use of the words "reprisals" and "without *112 cause" renders it "so vague that reasonable men would be compelled to speculate whether their action would be included within the statute's proscription." Moreover, the contention may not be advanced by defendant whose conduct was clearly within the proscription of the statute.
As the court said in State v. Moretti, 52 N.J. 182, 192, 244 A.2d 499, 504 (1968):
The only inquiry before us is whether these defendants had sufficient warning that their conduct was criminal. A contention that a statute violates due process because of vagueness is based on the theory the defendant had no fair warning that his conduct was proscribed. Thus, a defendant whose conduct was such that he clearly could tell that it was prohibited will not be heard to say that the statute is overly broad and that another, in some hypothetical case, could be misled.
Defendant's final contention is that the rebuttable presumption created by the second paragraph of the statute is invalid. We disagree. In our opinion, there is, as the Legislature recognized, a rational connection in common experience between the fact to be proved and the ultimate fact to be presumed. The statutory presumption satisfies the test set forth in Tot v. United States, 319 U.S. 463, 63 S.Ct. 1241, 87 L.Ed. 1519 (1943). See also State v. DiRienzo, 53 N.J. 360, 370-373 (1969).
We may add that there is no indication in the record that the presumption played any part in the trial court's resolution of the issue of defendant's guilt.
The judgment of conviction is affirmed.